UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>      vs.<br><br>PREMERA BLUE CROSS,<br><br>            Defendant | NO. 2:15-cv-01927<br><br>AMENDED COMPLAINT FOR DECLARATORY JUDGMENT<br><br>**Clerk's Action Required** |

The plaintiff, Atlantic Specialty Insurance Company (hereinafter "ASIC"), for its Complaint against the defendant, Premera Blue Cross (hereinafter "Premera"), alleges as follows:

### I.      NATURE OF THE ACTION

1.      This is an insurance coverage action seeking declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.  ASIC seeks a determination that it has no duty to defend or indemnify Premera under @vantage for Financial Services Premier liability insurance policies issued to Premera by ASIC (the "ASIC Policies") with respect to an underlying Consolidated Class Action Lawsuit (the "Lawsuit") filed against Premera.  The Lawsuit involves a malware attack on Premera databases that contained the personal, financial, and health information of the

AMENDED COMPLAINT FOR DECLARATORY JUDGMENT - NO. 2:15-CV-01927   - 1 -

Betts Patterson Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

967016.docx/120815 1608/9998-0177

putative class representatives and class members (hereinafter "Class Action Plaintiffs"). A copy of the Consolidated Complaint in the Lawsuit is attached as Exhibit A. Copies of the ASIC Policies are attached as Exhibits B and C.

## II.  THE PARTIES

2.  ASIC is incorporated under the laws of the State of New York and has its principal place of business in the State of Minnesota. It is an insurance company authorized to do business in the State of Washington and elsewhere.

3.  Premera is a nonprofit corporation and healthcare benefits provider incorporated under the laws of the State of Washington, with its headquarters and principal place of business located at 7001 - 220th Street SW, Building 1, Mountlake Terrace, Washington 98043.

## III.  JURISDICTION AND VENUE

4.  This is an action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

5.  An actual justiciable controversy between ASIC and Premera exists within the meaning of 28 U.S.C. § 2201 regarding whether ASIC has a duty to defend or indemnify Premera under the ASIC Policies with respect to the claims asserted in the Lawsuit, as more particularly described below.

6.  This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and the suit is between citizens of different states.

AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT -         - 2 -
NO. 2:15-CV-01927

967016.docx/120815 1608/9998-0177

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to this claim occurred in this judicial district and the defendant resides in this judicial district.

### IV.   THE UNDERLYING LAWSUIT

8.      In the Lawsuit, the Class Action Plaintiffs assert claims against Premera arising out of the breach of Premera's databases beginning on or around May 5, 2014, which allegedly exposed the financial and medical records of 11 million individuals.

9.      The Class Action Plaintiffs allege that in order to become a Premera member or receive healthcare services from a provider within the Premera network, they were required to give Premera their medical, financial, and/or personal information, including their dates of birth, mailing addresses, telephone numbers, email addresses, Social Security numbers, member identification numbers, medical claims information, financial information, and other protected health information as defined by HIPAA (the "Sensitive Information").

10.     The Class Action Plaintiffs allege that, based on obligations created by HIPAA, industry standards, specific governmental warnings to Premera about its failure to meet those obligations, and the promises Premera made to its members, Premera was obligated to keep its members' Sensitive Information confidential and to protect it from unauthorized disclosures.

11.     The Class Action Plaintiffs further allege that because Premera was specifically warned that its network-security procedures were inadequate and that some of the vulnerabilities could be exploited by hackers to expose sensitive information, Premera knew or should have known that a data breach would likely result from its deficient security and privacy practices.

AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT -     - 3 -
NO. 2:15-CV-01927

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

967016.docx/120815 1608/9998-0177

12. The Class Action Plaintiffs allege that, as a result of Premera's failure to provide the level of data protection promised and that the Class Action Plaintiffs paid for, Premera exposed their Sensitive Information to an increased risk of misuse by unauthorized third parties (e.g., identity theft).

13. The Class Action Plaintiffs further allege that many of the class representatives and putative class members already have suffered medical fraud, tax fraud, credit card fraud, and phishing scams as a result of Premera's conduct and that the Class Action Plaintiffs are in real and imminent danger of the same.

14. With regard to the data breach itself, the Class Action Plaintiffs allege that on or about May 5, 2014, hackers began the initial attack on Premera's servers when they sent a "phishing" email to a Premera employee who downloaded malware that allowed the hackers access to Premera's servers.

15. The Class Action Plaintiffs allege that the malware remained active on Premera's security systems through at least January 2015, when its presence was detected.

16. The Class Action Plaintiffs allege that, although the breach was confirmed in January 2015, and reported to the FBI in February 2015, Premera did not perform complete remediation of its network until the weekend of March 6-8, during which time Sensitive Information was still being accessed and stolen.

17. The Class Action Plaintiffs further allege that Premera did not reveal the breach to the public and governmental authorities until March 17, 2015.

18. The Class Action Plaintiffs allege that Premera failed to take adequate and reasonable security measures to protect the Class Action Plaintiffs' Sensitive Information, and

AMENDED COMPLAINT FOR DECLARATORY JUDGMENT - NO. 2:15-CV-01927 - 4 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

967016.docx/120815 1608/9998-0177

failed to take actions that could have prevented, or at least reduced the consequences of, the breach. In failing to do so, Premera allegedly did not comply with its duty to protect the Class Action Plaintiffs' Sensitive Information, which allegedly resulted in the disclosure of that information, some of which allegedly was used for fraudulent purposes, and exposed the Class Action Plaintiffs to actual or imminent identity theft.

19. Based on the foregoing allegations, the Class Action Plaintiffs assert several claims for relief against Premera, including claims for relief under the Washington Consumer Protection Act, the Washington Data Breach Disclosure Law, common law negligence, breach of express contract, breach of implied contract, restitution/unjust enrichment, breach of fiduciary duty, and misrepresentation by omission. Alternatively, the Class Action Plaintiffs seek relief under the violation of state consumer protection laws, violation of (non-Washington) state data breach notification laws, and violation of the California Confidential Medical Information Act.

20. The Class Action Plaintiffs' Consolidated Complaint includes specific Requests for Relief, as follows:

(1) certification of the case as a class action, appointing the named plaintiffs as representatives of their respective Classes, and appointing Interim Lead Counsel as Class Counsel;

(2) a declaration that Premera's actions constitute violations of the Washington Consumer Protection Act, violations of the Washington Data Breach Disclosure law, negligence, breach of express contract, breach of implied contract, restitution/unjust enrichment, violations of various state consumer protection laws, violations of various state data breach notification laws, and violations of the California Confidential Medical Information Act;

(3) various forms of injunctive and other equitable relief including an order:

AMENDED COMPLAINT FOR DECLARATORY JUDGMENT - NO. 2:15-CV-01927        - 5 -

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

967016.docx/120815 1608/9998-0177

         (i)      prohibiting Premera from engaging in the wrongful and unlawful acts alleged in the Consolidated Class Action Complaint;

         (ii)     requiring Premera to protect all data collected through the course of its business in accordance with HIPAA regulations, federal, state and local laws, and industry standards; and

         (iii)    requiring Premera to engage third-party security auditor/penetration testers as well as internal security personnel to conduct testing, including simulated attacks, penetration tests, and audits on Premera's systems on a periodic basis, and ordering Premera to promptly correct any problems or issues detected by such third-party security auditors;

         (iv)    requiring Premera to engage third-party security auditors and internal personnel to run automated security monitoring;

         (v)     requiring Premera to audit, test, and train its security personnel regarding any new or modified procedures;

         (vi)    requiring Premera to segment data by, among other things, creating firewalls and access controls so that if one area of Premera's network is compromised, hackers cannot gain access to other portions of Premera's systems;

         (vii)   requiring Premera to purge, delete, and destroy in a reasonably secure manner Sensitive Information not necessary for its provisions of services;

         (viii)  requiring Premera to conduct regular database scanning and securing checks;

AMENDED COMPLAINT FOR DECLARATORY JUDGMENT - NO. 2:15-CV-01927    - 6 -

Betts Patterson Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

967016.docx/120815 1608/9998-0177

    (ix) requiring Premera to routinely and continually conduct internal training and education to inform internal security personnel how to identify and contain a breach when it occurs and what to do in response to a breach; and

    (x) requiring Premera to meaningfully educate all class members about the threats they face as a result of the loss of their confidential financial, personal, and health information to third parties, as well as the steps affected individuals must take to protect themselves;

  (4) actual, statutory, exemplary and punitive damages, where applicable;

  (5) restitution;

  (6) reasonable litigation expenses and attorneys' fees;

  (7) pre- and post-judgment interest, to the extent allowable;

  (8) permission to amend the pleadings to conform to the evidence; and

  (9) such other and further relief as equity and justice may require.

### V. THE INSURANCE CONTRACTS

21. ASIC issued @vantage for Financial Services Premier policy number 712-00-78-31-0006 to Premera for the policy period from October 1, 2013 to October 1, 2014 (the "2013-2014 Policy").

22. Premera Blue Cross is listed in the 2013-2014 Policy's schedule of named insureds.

23. The 2013-2014 Policy provides commercial general liability limits of insurance of $1 million each occurrence, $1 million personal and advertising injury, and $2 million in the general aggregate. The Policy also includes a $5,000 per occurrence bodily injury liability and/or property damage liability combined deductible.

AMENDED COMPLAINT FOR DECLARATORY JUDGMENT - NO. 2:15-CV-01927 - 7 -

Betts Patterson Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

967016.docx/120815 1608/9998-0177

24. The 2013-2014 Policy provides commercial umbrella liability limits of insurance of $15 million each occurrence and $15 million general aggregate.

25. ASIC issued @vantage for Financial Services Premier policy number 712-00-78-31-0007 to Premera for the October 1, 2014 to October 1, 2015 policy period (the "2014-2015 Policy").

26. Premera Blue Cross is listed in the 2014-2015 Policy's schedule of named insureds.

27. The 2014-2015 Policy provides commercial general liability limits of insurance of $1 million each occurrence, $1 million personal and advertising injury, and $2 million in the general aggregate. It also includes a $5,000 per occurrence bodily injury liability and/or property damage liability combined deductible.

28. The 2014-2015 Policy provides commercial umbrella liability limits of insurance of $15 million each occurrence and $15 million general aggregate.

29. The Commercial General Liability insuring agreements of both the 2013-2014 and 2014-2015 ASIC Policies are found in Section I. of Form CG 00 01 (04-13). (Exh. B-98, B-102, and B-170 – 171, B-176; C-90, C-94, C-166 and C-172).

30. Both ASIC Policies include definitions found in Section V. of Form CG 00 01 (04-13), as modified by Form VCG 205 (07-09)—@vantage for General Liability, Form VCG 217 (07-09)—Exclusion – Infringement of Copyright, Patent, Trademark or Trade Secret – Changes, and Form VCG 221 (07-09)—Financial Institutions. (Exh. B-108 – 111, B-142 – 144, B-184 - 188; C-100 – 103, C-136 - 138, C-180 – 183, C-186 - 188).

31. The Commercial General Liability coverage provided under each Policy is subject to policy exclusions.

AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT -      - 8 -
NO. 2:15-CV-01927

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

967016.docx/120815 1608/9998-0177

(a) The exclusions applicable to Coverage A. are found in Section I.A.2 of Form CG 00 01 (04-13), as modified by Form VCG 221, and include the Expected or Intended Injury Exclusion, Damage to Property Exclusion, Damage to Impaired Property or Property Not Physically Injured Exclusion, the Personal and Advertising Injury Exclusion, the Electronic Data Exclusion, and the Recording and Distribution of Material or Information in Violation of Law Exclusion.  (Exh. B-98 – B-102, B-143 – 144, B-171 – 176; C-90 – 94, C-137 – 138, C-168 – 172, C-186 - 187).

(b) Each Policy has additional exclusions applicable to Coverage A. found in Form VCG 221 (07-09)—Financial Institutions, including the Insurance and Benefits Obligations Assumed Exclusion and the Professional Services Exclusion.  (Exh. B-143 – 144; B-189 – B-191; C-137 – 138, C-186 - 187).

(c) The exclusions applicable to Coverage B. in the Commercial General Liability insuring agreements of both the 2013-2014 and 2014-2015 ASIC Policies are found in Section I.B.2 of Form CG 00 01 (04-13), as modified by Form VCG 221, and include the Knowing Violation of Rights of Another Exclusion, the Material Published Prior to Policy Period Exclusion ,the Breach of Contract Exclusion, the Quality or Performance of Goods – Failure to Conform to Statements Exclusion, and the Recording and Distribution of Material or Information in Violation of Law Exclusion. (Exh. B-102 – 104, B-143 – 144, B-176 – 178; C-94 – C-98, C-137 – 138; C-106, C-172 – 174, C-186 – 187, C-194).

(d) Each Policy has additional exclusions applicable to Coverage B. found in Form VCG 221 (07-09)—Financial Institutions, which modifies Section I.B.2 of Form CG 00 01

AMENDED COMPLAINT FOR DECLARATORY JUDGMENT - NO. 2:15-CV-01927      - 9 -

Betts Patterson Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

967016.docx/120815 1608/9998-0177

(04-13), including the Insurance and Benefits Obligations Assumed Exclusion and the Professional Services Exclusion. (Exh. B-143 – 144, B-190 – 191, C-137, C-186 – C-187).

32. Both ASIC Policies include Commercial General Liability Coverage Conditions, which are found in Section IV of Form CG 00 01 (04-13) and include the Duties in the Event of Occurrence, Offense, Claim or Suit Condition and the Other Insurance Condition. (Exh. B-106 – 108, B-181 – 184; C-98 – C-100, C-177 – C-180).

### VI.   DEMAND FOR COVERAGE AND RESERVATION OF RIGHTS

33. Before the Consolidated Class Action Complaint was filed in the Lawsuit, Premera had tendered a number of individual lawsuits arising out of the same data breach to ASIC seeking coverage under the ASIC Policies.

34. By letter dated July 2, 2015, ASIC agreed to defend Premera against the first tendered individual lawsuit, *Webb, et al. v. Premera Blue Cross*, under a complete reservation of all of its rights under the ASIC Policies and applicable law.

35. ASIC subsequently learned that all of the individual lawsuits arising from the Premera data breach were to be consolidated in the Lawsuit to be filed in the United States District Court for the District of Oregon.

36. Accordingly, by letter dated July 31, 2015, ASIC advised Premera that, pending the filing of the Consolidated Class Action Complaint in the Lawsuit, it was reserving all of its rights under the ASIC Policies and applicable law as to all of the individual lawsuits filed against Premera arising out of the same data breach.

37. The Consolidated Class Action Complaint was filed on October 6, 2015.

AMENDED COMPLAINT FOR DECLARATORY JUDGMENT - NO. 2:15-CV-01927    - 10 -

Betts Patterson Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

967016.docx/120815 1608/9998-0177

38.     By letter dated November 6, 2015, ASIC acknowledged receipt of the Consolidated Class Action Complaint and agreed to defend Premera against the Lawsuit under a complete reservation of all of its rights under the ASIC Policies and applicable law.

## COUNT I
## DECLARATORY JUDGMENT

39.     ASIC hereby incorporates and re-alleges the allegations set forth in paragraphs 1-41 as if fully set forth herein.

40.     There is a genuine and bona fide dispute and an actual controversy and disagreement between ASIC and Premera regarding whether ASIC has a duty to defend and indemnify Premera against the claims asserted in the Lawsuit.

41.     Pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2201, ASIC in good faith requests that the Court declare the following:

(a)     ASIC has no duty to defend or indemnify Premera in connection with the claims asserted in the Lawsuit because the Class Action Plaintiffs do not allege, and are not seeking damages because of, "bodily injury" or "property damage" as those terms are defined in the ASIC Policies;

(b)     ASIC has no duty to defend or indemnify Premera in connection with the claims asserted in the Lawsuit because the Class Action Plaintiffs do not allege, and are not seeking damages because of, "bodily injury" or "property damage" caused by an "occurrence";

(c)     ASIC has no duty to defend or indemnify Premera in connection with the claims asserted in the Lawsuit because the Class Action Plaintiffs do not allege, and are not

AMENDED COMPLAINT FOR DECLARATORY JUDGMENT - NO. 2:15-CV-01927     - 11 -

Betts Patterson Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

967016.docx/120815 1608/9998-0177

seeking damages because of "bodily injury" or "property damage" occurring during the policy period of the ASIC Policies;

(d) ASIC has no duty to defend or indemnify Premera in connection with the claims asserted in the Lawsuit because the Class Action Plaintiffs do not allege, and are not seeking damages because of, a "personal and advertising injury" offense as that term is defined in the ASIC Policies;

(e) ASIC has no duty to defend or indemnify Premera in connection with the claims asserted in the Lawsuit because no "personal and advertising injury" offense was committed during the ASIC policy periods.

(f) ASIC has no duty to defend or indemnify Premera in connection with the claims asserted in the Lawsuit for injunctive, equitable and declaratory relief, restitution, and/or for any other form of relief requested that is not a claim for damages;

(g) ASIC has no duty to defend or indemnify Premera in connection with the claims asserted in the Lawsuit under Coverage A. because they are excluded from coverage by the ASIC Policies' Expected or Intended Injury Exclusion;

(h) ASIC has no duty to defend or indemnify Premera in connection with the claims asserted in the Lawsuit under Coverage A. because they are excluded from coverage by the ASIC Policies' Damage to Property Exclusion;

(i) ASIC has no duty to defend or indemnify Premera in connection with the claims asserted in the Lawsuit under Coverage A. because they are excluded from coverage by the ASIC Policies' Damage to Impaired Property or Property Not Physically Injured Exclusion;

AMENDED COMPLAINT FOR DECLARATORY JUDGMENT - NO. 2:15-CV-01927 - 12 -

Betts Patterson Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

967016.docx/120815 1608/9998-0177

(j) ASIC has no duty to defend or indemnify Premera in connection with the claims asserted in the Lawsuit under Coverage A. because they are excluded from coverage by the ASIC Policies' Personal and Advertising Injury Exclusion;

(k) ASIC has no duty to defend or indemnify Premera in connection with the claims asserted in the Lawsuit under Coverage A. because they are excluded from coverage by the ASIC Policies' Electronic Data Exclusion;

(l) ASIC has no duty to defend or indemnify Premera in connection with the claims asserted in the Lawsuit under Coverage A. because they are excluded from coverage by the ASIC Policies' Recording and Distribution of Material or Information in Violation of Law Exclusion;

(m) ASIC has no duty to defend or indemnify Premera in connection with the claims asserted in the Lawsuit under Coverage A. because they are excluded from coverage by the ASIC Policies' Insurance and Benefits Obligations Assumed Exclusion;

(n) ASIC has no duty to defend or indemnify Premera in connection with the claims asserted in the Lawsuit under Coverage A. because they are excluded from coverage by the ASIC Policies' Professional Services Exclusion;

(o) ASIC has no duty to defend or indemnify Premera in connection with the claims asserted in the Lawsuit under Coverage B. because they are excluded from coverage by the ASIC Policies' Knowing Violation of Rights of Another Exclusion;

(p) ASIC has no duty to defend or indemnify Premera in connection with the claims asserted in the Lawsuit under Coverage B. because they are excluded from coverage by the ASIC Policies' Material Published Prior to Policy Period Exclusion;

AMENDED COMPLAINT FOR DECLARATORY JUDGMENT - NO. 2:15-CV-01927 - 13 -

Betts Patterson Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

967016.docx/120815 1608/9998-0177

    (q)  ASIC has no duty to defend or indemnify Premera in connection with the claims asserted in the Lawsuit under Coverage B. because they are excluded from coverage by the ASIC Policies' Breach of Contract Exclusion;

    (r)  ASIC has no duty to defend or indemnify Premera in connection with the claims asserted in the Lawsuit under Coverage B. because they are excluded from coverage by the ASIC Policies' Quality or Performance of Goods - Failure to Conform to Statements Exclusion;

    (s)  ASIC has no duty to defend or indemnify Premera in connection with the claims asserted in the Lawsuit under Coverage B. because they are excluded from coverage by the ASIC Policies' Recording and Distribution of Material or Information in Violation of Law Exclusion;

    (t)  ASIC has no duty to defend or indemnify Premera in connection with the claims asserted in the Lawsuit under Coverage B. because they are excluded from coverage by the ASIC Policies' Insurance and Benefits Obligations Assumed Exclusion;

    (u)  ASIC has no duty to defend or indemnify Premera in connection with the claims asserted in the Lawsuit under Coverage B. because they are excluded from coverage by the ASIC Policies' Professional Services Exclusion;

    (v)  ASIC has no duty to defend or indemnify Premera in connection with the claims asserted in the Lawsuit because Premera breached the condition precedent to coverage under the ASIC Policies regarding Premera's Duties In The Event Of Occurrence, Offense, Claim Or Suit;

AMENDED COMPLAINT FOR DECLARATORY JUDGMENT - NO. 2:15-CV-01927    - 14 -

Betts Patterson Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

967016.docx/120815 1608/9998-0177

(w)     ASIC's obligation to defend or indemnify Premera in connection with the claims asserted in the Lawsuit, if any, is limited by the ASIC Policies' Other Insurance provisions; and that

(x)     ASIC has no duty to defend or indemnify Premera in connection with the claims asserted in the Lawsuit under the Commercial Umbrella Liability Form based on one or more of the foregoing Policy provisions, which are substantially similar to the provisions of the Commercial Umbrella Liability Form, including the Coverage A. Insuring Agreement and the Coverage A. exclusions for Expected or Intended Injury, Damage to Property, Damage to Impaired Property or Property Not Physically Injured, Personal and Advertising Injury, Electronic Data, Recording and Distribution of Material or Information in Violation of Law, Insurance and Benefits Obligations Assumed, and Professional Services, and the Coverage B. Insuring Agreement and the Coverage B. exclusions for Knowing Violation of Rights of Another, Material Published Prior to Policy Period, Breach of Contract, Quality or Performance of Goods – Failure to Conform to Statements, Recording and Distribution of Material or Information in Violation of Law, Insurance and Benefits Obligations Assumed, and Professional Services, and the policy conditions regarding notice

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Atlantic Specialty Insurance Company prays as follows:

1.     For a declaration that it has no duty to defend or indemnify Premera in connection with the claims asserted in the Lawsuit; and

2.     For such other and further relief this Court may deem just and proper.

AMENDED COMPLAINT FOR DECLARATORY JUDGMENT - NO. 2:15-CV-01927      - 15 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

967016.docx/120815 1608/9998-0177

1    DATED this 8th day of December 2015.

2

                                     BETTS, PATTERSON & MINES, P.S.

                                     By  /s Joseph D. Hampton
                                   By  /s Daniel L. Syhre
                                        Joseph D. Hampton, WSBA #15297
                                        Daniel L. Syhre, WSBA #34158
                                   Betts, Patterson & Mines, P.S.
                                   One Convention Place, Suite 1400
                                   701 Pike Street
                                   Seattle WA  98101-3927
                                   Telephone:    (206) 292-9988
                                   Facsimile:     (206) 343-7053
                                   E-mail:         jhampton@bpmlaw.com
                                   E-mail:         dsyhre@bpmlaw.com
                                   Attorneys for Plaintiff Atlantic Specialty Insurance Company

AMENDED COMPLAINT FOR DECLARATORY JUDGMENT - NO. 2:15-CV-01927     - 16 -

Betts Patterson Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

967016.docx/120815 1608/9998-0177

# CERTIFICATE OF SERVICE

I, Joseph D. Hampton, hereby certify that on December 8, 2015, I electronically filed the following:

- **Amended Complaint For Declaratory Judgment; and**
- **Certificate of Service;**

and I hereby certify that I have caused this document to be served on Premera Blue Cross at the following address:

> Premera Blue Cross
> CT Corporation System
> 505 Union Avenue S.E., Suite 120
> Olympia, WA  98501

DATED this 8th day of December 2015.

BETTS, PATTERSON & MINES, P.S.


By  /s Joseph D. Hampton
By  /s Daniel L. Syhre
    Joseph D. Hampton, WSBA #15297
    Daniel L. Syhre, WSBA #34158
Betts, Patterson & Mines, P.S.
One Convention Place, Suite 1400
701 Pike Street
Seattle WA  98101-3927
Telephone:    (206) 292-9988
Facsimile:    (206) 343-7053
E-mail:       jhampton@bpmlaw.com
E-mail:       dsyhre@bpmlaw.com
Attorneys for Plaintiff Atlantic Specialty Insurance Company

AMENDED COMPLAINT FOR DECLARATORY JUDGMENT - NO. 2:15-CV-01927     - 17 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

967016.docx/120815 1608/9998-0177